UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:14-CR-85 |
| v. | ) | |
| | ) | |
| ROBERT N. HICKS, | ) | (PHILLIPS / SHIRLEY) |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER OF COMMITMENT**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter came before the Court on October 24, 2014, for a competency hearing. Assistant United States Attorney Caryn L. Hebets appeared on behalf of the Government. Attorney James W. Clements, III, represented the Defendant Robert Hicks, who was also present.

The parties stipulated in open court to the ten-page Forensic Evaluation report [Doc. 213] by Forensic Psychologist Jessica Micono of the Federal Detention Center in Englewood, Colorado (FDC Englewood). The parties agreed that this report was the only evidence before the Court regarding the Defendant's competency. Dr. Micono attempted to evaluate the Defendant from September 17, to September 30, 2014. The Defendant participated in one interview with Dr. Micono but declined to participate in any other evaluation or testing. Based upon observation and a review of the Defendant's prior mental health records, Dr. Micono diagnosed the Defendant with Schizophrenia and Methamphetamine and Cannabis Use Disorder. Dr. Micono opined that the available information suggests that the Defendant suffers from a

1

mental disorder "that significantly impairs his present ability to understand the nature and consequences of the court proceedings against him, and his ability to properly assist in his defense." [Doc. 213, p.9]  She recommends that the Defendant be committed for mental health treatment and competency restoration.  Due to the Defendant's refusal to cooperate with the evaluation, Dr. Micono was not able to make a determination of the Defendant's sanity at the time of the alleged offense.

"The test for a defendant's competency to stand trial is 'whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding–and whether he has a rational as well as factual understanding of the proceedings against him.'" Mallet v. United States, 334 F.3d 491, 494-95 (6th Cir. 2003) (quoting Dusky v. United States, 362 U.S. 402, 402 (1960)).  Section 4241 requires the Court to commit the defendant to the custody of the Attorney General if it finds by a preponderance of the evidence "that the defendant is presently suffering from a mental disease or defect rendering [him] mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against [him] or to assist properly in [his] defense."  18 U.S.C. § 4241(d).  Based upon Dr. Micono's report, the Court finds by a preponderance of the evidence that the Defendant does have and suffer from a mental disease that interferes with his ability to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Thus, the Court finds that Defendant Hicks is not presently competent to stand trial.

Accordingly, the Court **ORDERS** that the Defendant be committed to the custody of the Attorney General for treatment at an appropriate federal medical facility.  The Defendant will be designated to the facility by the Attorney General or his designee and shall be transported there as soon as is reasonable.  The Defendant is to remain at the facility for a reasonable period

of time, not to exceed four months, as is necessary to determine whether there exists a substantial probability that the defendant will attain the capacity to permit the trial to take place in the foreseeable future. 18 U.S.C. § 4241(d)(1). Following this initial assessment, the report of which shall be sent to the Court, the Defendant, if he has not attained the capacity for trial to proceed, may be detained at the facility for an additional reasonable time period until the earlier of the following:

> (A) [his] mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the trial to proceed; or
>
> (B) the pending charges against [him] are disposed of according to law.

If the facility requests and the Court grants that the Defendant remain at the facility for an additional reasonable time beyond the initial four-month assessment period, the facility is ordered to provide the Court with semi-annual reports regarding the Defendant's condition and progress beginning with a report two months after the four-month assessment period. See 18 U.S.C. § 4247(e)(1)(A).

Additionally, while at the federal medical facility, the Defendant is to undergo additional testing and evaluation, particularly an evaluation of whether the defendant suffered from a mental disease or defect that rendered him insane at the time of the offense charged. Although the Court ordered that an evaluation of the Defendant's sanity at the time of the offense be conducted at the same time as the competency evaluation, Dr. Micono was unable to complete this part of the evaluation due to the Defendant's paranoia and refusal to participate. She suggested that the sanity evaluation be conducted once his competency is restored. The Court orders that the treating facility conduct this testing and evaluation.

3

If at any time during the Defendant's commitment at the facility, the director of the facility determines that the Defendant has recovered his competency, the director shall file a certificate to that effect promptly with the clerk of this Court. See 18 U.S.C. § 4241(e). The Court will then hold a hearing pursuant to 18 U.S.C. § 4247(d) to determine the Defendant's competency to stand trial. 18 U.S.C. § 4241(e). If the Court finds that the Defendant is competent at that time, it shall order the Defendant's immediate discharge from the facility and shall set a trial date. Id. In such event, upon discharge, the Defendant will be transported back to this district where he will be detained while awaiting trial or pending further orders of the Court.

The Court observes that Dr. Micono's report states that the Defendant's mental disease has previously been treated with medication. The report also states that the Defendant was not on any medication while at FDC Englewood. The Defendant's records reflect that he was involuntarily medicated for a few weeks at the North Florida Evaluation and Treatment Center in 2012, after which time, the Defendant decided to take his needed medication voluntarily. While being treated with his needed medications, the Defendant made "significant steady progress" and was ultimately rendered competent. The Defendant's records reflect when he subsequently stopped taking his medication, he became psychotic, paranoid, and suicidal. Accordingly, the Defendant is **DIRECTED** to submit to the ordered examination and treatment and is *strongly encouraged* to take any medications prescribed by the staff at the treating facility.

The Court has set a status conference for **February 19, 2015, at 1:30 p.m.** With regard to other scheduling in this case, the Court notes that even if the Defendant's mental condition improves during the initial four-month period to the point that he is competent to stand trial, a realistic trial date cannot be set, because upon the Defendant's release from the medical

4

facility, the Court will still have to hold a hearing to determine the competency of the Defendant. The Court finds that the time during which the Defendant is undergoing mental evaluation for competency as well as any time during which the defendant is deemed incompetent are excludable periods under the Speedy Trial Act. See 18 U.S.C. § 3161(h)(1)(A) and (4). At the October 24 competency hearing, both counsel agreed that all time from the Defendant's original commitment on August 25, 2014, up to the next status conference is excludable. For these reasons, the Court finds that all of the time between August 25, 2014, and the February 19, 2015 status conference is fully excludable under the Speedy Trial Act. See 18 U.S.C. § 3161(h)(1)(A) and (4).

Accordingly, it is **ORDERED**:

(1) The Court finds Defendant Hicks to be presently **INCOMPETENT** to stand trial;

(2) The Defendant is committed to the custody of the Attorney General for treatment as well as additional evaluation and testing, particularly with regard to his sanity at the time of the offense, at a federal medical facility for a reasonable period of time not to exceed four months as set forth more fully above:

(3) The Defendant shall be designated and transported to the approved federal medical facility as soon as reasonably possible;

(4) If at the end of the four-month treatment period, the designated federal medical facility determines that an additional reasonable period of treatment is needed, the facility shall make written request of the same of the Court;

(5) If at the end of the treatment period, the designated federal medical facility determines that there is not a substantial probability that the Defendant's competence will be restored in the foreseeable future, the facility is to send a report of same to the Court. In such case, the Defendant shall not be transported back to the district but shall remain at the treating facility;

(6) The government and defense counsel shall appear for a competency hearing or status conference on **February 19, 2015, at 1:30 p.m.**;

(7) The Defendant's trial date is removed, to be reset at such time when the Defendant is found competent to proceed;

(8) All time between the Defendant's original commitment on **August 25, 2014**, and the **February 19, 2015** status conference is fully excludable under the Speedy Trial Act;

(9) The United States Marshal is **DIRECTED** to notify the Clerk of the Court and the undersigned's office promptly when Defendant returns to this jurisdiction from the mental evaluation and treatment. If the Defendant has returned in time, the marshals shall bring him to the **February 19, 2015** competency hearing/status conference; and

(10) The Clerk of Court is **DIRECTED** to serve copies of this order on counsel of record and to serve three certified copies on the United States Marshal.

**IT IS SO ORDERED.**

ENTER:

＿＿＿s/ C. Clifford Shirley, Jr.＿
United States Magistrate Judge

6

Case 3:14-cr-00085-TWP-CCS   Document 231   Filed 10/24/14   Page 6 of 6   PageID #: 1022