UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:14-CR-85 |
| v. | ) | |
| | ) | |
| ROBERT N. HICKS, | ) | (PHILLIPS / SHIRLEY) |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER OF CONTINUED COMMITMENT**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter came before the Court for a telephone conference on April 2, 2015. Assistant United States Attorney Caryn L. Hebets appeared on behalf of the Government. Attorney James W. Clements, III, represented the Defendant Robert Hicks.

By way of background, the Court observes that on October 24, 2014, the undersigned found [Doc. 279] Defendant Hicks to be incompetent to stand trial. At that time, the Court committed the Defendant to the custody of the Attorney General for up to four months of treatment at an appropriate federal medical facility in order to determine whether there exists a substantial probability that the defendant will attain the capacity to permit the trial to take place in the foreseeable future. 18 U.S.C. § 4241(d)(1). Defendant Hicks was admitted to the Federal Medical Center in Butner, North Carolina (FMC Butner), on December 23, 2014. Drs. Robert E. Cochrane, forensic psychologist, and Bryon Herbel, psychiatrist, have submitted a Forensic Evaluation to the Court. Both counsel have also received a copy of this report. Drs. Cochrane

1

and Herbel state that the Defendant has refused treatment with antipsychotic medicine. They have provided the Court with a proposed treatment plan for involuntarily medicating Defendant Hicks.

During the April 2 telephone conference, the parties discussed the process by which the Court would consider whether to order Defendant Hicks to be involuntarily medicated. The Government may file a petition for involuntary medication on or before **April 24, 2015**. Defense counsel may respond to this petition by **May 8, 2015**. The Court will hold a hearing on the petition on **May 18, 2015, at 2:00 p.m.** The parties are to include in their filings their proposal of how the Court should conduct that hearing and whether they seek to have Drs. Cochrane and Herbel testify via video conference.

The Court **ORDERS** that Defendant Hicks remain hospitalized at FMC Butner for an additional four-month period of treatment while the Court resolves the issue of whether the Defendant shall be involuntarily medicated as well as the terms and conditions of any involuntary medication and also to determine whether there is a substantial probability that the Defendant will attain the capacity to permit the trial to proceed. 18 U.S.C. § 4241(d)(2)(A). In this regard, the Court notes that Drs. Cochrane and Herbel opine in the Forensic Evaluation that involuntary treatment of the Defendant with antipsychotic medication is both medically appropriate and substantially likely to render him competent to stand trial. Accordingly, the Court finds that resolution of the issue of whether the Defendant should be involuntarily medicated is necessary to the determination of whether the Defendant can be rendered competent. This commitment order supplements and extends the Court's Order of Commitment [Doc. 279] of October 24, 2014.

Accordingly, it is **ORDERED**:

(1) The Defendant is **COMMITTED** to the custody of the Attorney General for an additional four-month period for treatment, evaluation, and testing;

(2) The Defendant **SHALL REMAIN** hospitalized at FMC Butner for this additional four-month period;

(3) If at the end of the four-month treatment period, the evaluating staff at FMC Butner determine that an additional reasonable period of treatment is needed, the facility shall make written request of the same of the Court;

(4) If at the end of the treatment period, the evaluating staff at FMC Butner determine that there is not a substantial probability that the Defendant's competence will be restored in the foreseeable future, the facility is to send a report of same to the Court. In such case, the Defendant shall **not** be transported back to the district but **SHALL REMAIN** at the treating facility;

(5) The Government shall file a petition on the issue of the Defendant's involuntary medication on or before **April 24, 2015**;

(6) Defense counsel shall file a response to the petition by **May 8, 2015**;

(7) The Government and defense counsel shall appear for a hearing on the petition on **May 18, 2015, at 2:00 p.m.**;

(8) The Clerk of Court is **DIRECTED** to serve copies of this Order on counsel of record and to serve three certified copies on the United States Marshal; and

(9) The Clerk of Court is also **DIRECTED** to send three copies of this Order to Warden Kenny Atkinson, FMC Butner. One copy is for the Warden's records, and the other two copies are for Drs. Cochrane and Herber.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

3