UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:14-CR-85 |
| v. | ) | |
| | ) | |
| ROBERT N. HICKS, | ) | (PHILLIPS / SHIRLEY) |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter came before the Court on June 30, 2015, for a telephone conference on the Defendant's Motion to Continue Trial Assignment [Doc. 524], filed on June 11, 2015. Assistant United States Attorney Caryn L. Hebets appeared on behalf of the Government. Attorney James W. Clements, III, represented the Defendant Robert Hicks.

Defendant Hicks asks to continue the July 7, 2015 trial of this case to permit time for him to undergo mental evaluation and treatment. By way of background, the Court observes that on October 24, 2014, the undersigned found [Doc. 279] Defendant Hicks to be incompetent to stand trial. At that time, the Court committed the Defendant to the custody of the Attorney General for up to four months of treatment at an appropriate federal medical facility in order to determine whether there exists a substantial probability that the defendant will attain the capacity to permit the trial to take place in the foreseeable future. 18 U.S.C. § 4241(d)(1). Defendant Hicks was admitted to the Federal Medical Center in Butner, North Carolina (FMC Butner), on December 23, 2014. Drs. Robert E. Cochrane, forensic psychologist, and Bryon Herbel,

1

psychiatrist, submitted a Forensic Evaluation stating that the Defendant had refused treatment with antipsychotic medicine. On April 3, 2014, the Court ordered [Doc. 466] that the Defendant continue to be committed to FMC Butner for an additional four-month period of evaluation and treatment.

The Government moved [Doc. 492] for the Defendant's involuntary medication. The Court held an evidentiary hearing on May 11 and heard the testimony of Dr. Cochran by video teleconference. On May 28, 2015, the Court ordered [Doc. 514] that the Defendant be involuntarily medicated, if he did not voluntarily elect to take necessary psychotropic medication within one week of receipt of the Court's Order. The Defendant's motion states that he refused to take oral medication but accepted the initial injection of medication on June 10, 2015, without incident. During the June 30 telephone conference, defense counsel stated that he had corresponded with Dr. Cochran, who reported that the Defendant had received two injections of Respiradol to date and that he expected the Defendant to make additional progress toward regaining his competency as he progressed toward a therapeutic level of the medication. He stated that the Defendant continued to refuse to speak with the staff at FMC Butner but was calm in demeanor and had no obvious side effects from the medication. The Government confirmed that Defendant Hicks is the sole defendant still proceeding to trial in this case. Counsel for both parties agreed that the July 7 trial date in this case should be removed and should be reset if and when the Court finds the Defendant to be competent to stand trial.

The Court finds a trial continuance to be necessary and that the ends of justice served by rescheduling the trial outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court has found the Defendant to be incompetent. See 18 U.S.C. § 3161(h)(4) (excluding "[a]ny period of delay resulting from the fact that the Defendant

2

Case 3:14-cr-00085-TWP-CCS   Document 564   Filed 06/30/15   Page 2 of 3   PageID #: 2841

is mentally incompetent"). At this time, the Defendant is still undergoing mental evaluation and treatment, to include involuntary medication, to determine whether his competency can be restored. Because the matter of and the timeframe for the Defendant's competency restoration is uncertain, the Court finds that it is not able to reschedule the Defendant's trial at this time. Thus, the July 7, 2015 trial date is removed, and the Court will set a new trial date if and when the issue of the Defendant's competency is resolved. With regard to other scheduling in this case, the parties are to appear before the undersigned by telephone conference on **July 27, 2015, at 1:30 p.m.** At that time, Mr. Clement will provide the Court with an update on the Defendant's progress at FMC Butner.

Accordingly, it is **ORDERED**:

(1) The Defendant's Motion to Continue Trial Assignment [**Doc. 524**] is **GRANTED**;

(2) The July 7, 2015, trial date is removed and will be reset if and when the Defendant is deemed to be competent to stand trial; and

(3) Counsel are to appear by telephone for a status conference on **July 27, 2015, at 1:30 p.m.**

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge