UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:14-CR-85 |
| v. | ) | |
| | ) | |
| ROBERT N. HICKS, | ) | (PHILLIPS / SHIRLEY) |
| | ) | |
| Defendant.. | ) | |

**ORDER OF CONTINUED COMMITMENT**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter is before the Court on the question of the continued commitment of the Defendant Robert N. Hicks for an additional period of evaluation and treatment in order to conduct an examination of his sanity at the time of the offense pursuant to 18 U.S.C. § 4242(a).

By way of background, the Court observes that in August 2014, defense counsel moved [Doc. 123] the Court for an evaluation of the Defendant's competency to stand trial. In addition to a competency evaluation, counsel asked the Court to order an evaluation of the Defendant's sanity at the time of the offenses, whether he has a mental disease resulting from substance abuse, and whether he has a diminished mental capacity resulting from a mental disease or defect. On August 25, 2014, the Defendant filed a Notice of Defendant's Intent to Assert Insanity Defense [Doc. 137]. Based upon notice of this filing given at a motion hearing, AUSA Hebets asked the Court to order a mental examination with regard to the Defendant's sanity at the time of the offense, pursuant to 18 U.S.C. § 4242(a). On August 26, 2014, the

1

undersigned committed [Doc. 149] the Defendant for a mental evaluation of his competency to stand trial and his sanity at the time of the alleged offenses.

The Defendant was evaluated by Forensic Psychologist Jessica Micono of the Federal Detention Center in Englewood, Colorado (FDC Englewood), who found the Defendant to be suffering from schizophrenia and recommended treatment and competency restoration. Due to the Defendant's refusal to cooperate with the evaluation, Dr. Micono was not able to make a determination of the Defendant's sanity at the time of the alleged offense.

On October 24, 2014, the undersigned found [Doc. 279] Defendant Hicks to be incompetent to stand trial. At that time, the Court committed the Defendant to the custody of the Attorney General for up to four months of treatment at an appropriate federal medical facility in order to determine whether there exists a substantial probability that the defendant will attain the capacity to permit the trial to take place in the foreseeable future. 18 U.S.C. § 4241(d)(1). Defendant Hicks was admitted to the Federal Medical Center in Butner, North Carolina (FMC Butner), on December 23, 2014. On March 30, 2015, Drs. Robert E. Cochrane, forensic psychologist, and Bryon Herbel, psychiatrist, submitted a Forensic Evaluation to the Court, stating that the Defendant has refused treatment with antipsychotic medicine and providing the Court with a proposed treatment plan for involuntarily medicating Defendant Hicks. On April 3, 2015, the undersigned ordered [Doc. 466] the continued commitment of Defendant Hicks for an additional four-month period of treatment during which the Court would resolve the matter of involuntary medication.

On April 23, 2015, the Government petitioned [Doc. 492][1] for involuntary medication of Defendant Hicks. The Court held a hearing on this petition on May 11, 2015. On May 28, 2015, the Court found [Doc. 514] the involuntary medication of Defendant Hicks to be

---

[1] The motion was filed in a redacted form on May 19, 2015.

necessary. The Court ordered the Defendant to take the antipsychotic medication proposed by the medical staff at FMC Butner and held that if the Defendant did not comply with this Order within one week of receiving it, the staff at FMC Butner is directed to administer the antipsychotic medication to the Defendant involuntarily.

On July 31, 2015, the Court entered an Order of Continued Commitment [Doc. 645], finding that the Defendant had recently reached therapeutic levels of medication and that an additional four months was a reasonable time to extend his treatment. On December 3, 2015, the Court held a telephone conference with counsel in order to learn the status of the Defendant's treatment. Mr. Clements, who had corresponded with Dr. Cochrane, stated that the Defendant had completed his competency restoration and was ready to return to the district. Email correspondence between Chambers and Dr. Cochrane revealed that the Defendant had not received the sanity evaluation. Dr. Cochrane requested that the Defendant's commitment be extended an additional forty-five (45) days in order to conduct the sanity evaluation.

The parties have requested and the Court has ordered that the Defendant have an evaluation of his sanity at the time of the alleged offenses pursuant to 18 U.S.C. § 4242. Although the Defendant's mental condition previously prevented this evaluation from taking place, the Defendant has now received treatment and competency restoration and is able to have the sanity evaluation. The Court finds that it is in the Defendant's best interest to have the requested sanity evaluation while he is still at FMC Butner, under the care of medical staff with whom he is familiar. Additionally, having the sanity evaluation at this time will prevent the Defendant from undergoing multiple transports to and from the district. Accordingly, Dr. Cochran's request for additional time to conduct the sanity evaluation of the Defendant is **GRANTED**.

3

Case 3:14-cr-00085-TWP-CCS   Document 725   Filed 12/10/15   Page 3 of 5   PageID #: 4130

For the reasons stated above and pursuant to Title 18, sections 4242(a) and 4247(b)-(c), of the United States Code, it is **ORDERED**:

(1) The Defendant is **COMMITTED** to the custody of the Attorney General for an additional forty-five-day period, *nunc pro tunc* to November 30, 2015, for evaluation and testing;

(2) The purpose of the evaluation shall be:

   (a) for psychiatric and psychological examinations by one or more licensed or certified psychiatrists and clinical psychologists and

   (b) to determine whether, at the time of the offenses charged, the Defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts;

(3) Pursuant to Rule 12.2(c), of the Federal Rules of Criminal Procedure, the Defendant is to submit to such examinations as ordered above;

(4) The Defendant **SHALL REMAIN** hospitalized at FMC Butner for this additional forty-five-day period;

(5) The Defendant shall be given any necessary medications if determined appropriate by the medical staff at the facility. All provisions of the Court's prior Memorandum and Order regarding involuntary medication [Doc. 514] of May 28, 2015, remain in effect;

(6) Dr. Cochrane and the staff at FMC Butner are authorized to conduct blood tests on the Defendant, as necessary, to measure his serum risperidone level to determine whether the Defendant's medication dosage needs to be adjusted. This blood test may be conducted involuntarily, if the Defendant does not submit to the blood test voluntarily upon request by the medical staff at FMC Butner;

(7) At the end of the evaluation period, the staff at FMC Butner will send a forensic report, pursuant to 18 U.S.C. § 4247(c), stating:

   (a) The Defendant's history and present symptoms;

(b) A description of the treatment provided and of any psychiatric, psychological, and medical tests given and their results;

(c) The examiner's findings; and

(d) The examiner's opinions as to whether, at the time of the offenses charged, the Defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts;

(8) That the Defendant be **FORTHWITH RETURNED** to the custody of the United States Marshal no later than the expiration of the forty-five (45)-day period;

(9) The Clerk of Court is **DIRECTED** to serve copies of this Order on counsel of record and to serve three certified copies on the United States Marshal;

(10) The United States Marshal is **DIRECTED** to notify the Clerk of the Court and the undersigned's office promptly when Defendant returns to this jurisdiction from the mental evaluation and treatment. The Court will schedule a competency hearing upon the Defendant's return; and

(11) The Clerk of Court is also **DIRECTED** to send three copies of this Order to Warden Kenny Atkinson, FMC Butner. One copy is for the Warden's records, and the other two copies are for Drs. Cochrane and Herber.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge