UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:14-CR-85 |
| v. | ) | |
| | ) | |
| ROBERT N. HICKS, | ) | (PHILLIPS / SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b). This case came before the undersigned on February 24, 2016, for a competency hearing. Assistant United States Attorney Caryn L. Hebets appeared on behalf of the Government. Attorney James W. Clements, III, represented the Defendant, who was also present.

By way of background, the Court observes that in August 2014, defense counsel moved [Doc. 123] the Court for an evaluation of the Defendant's competency to stand trial. In addition to a competency evaluation, counsel asked the Court to order an evaluation of the Defendant's sanity at the time of the offenses, whether he has a mental disease resulting from substance abuse, and whether he has a diminished mental capacity resulting from a mental disease or defect. On August 25, 2014, the Defendant filed a Notice of Defendant's Intent to Assert Insanity Defense [Doc. 137]. Based upon notice of this filing given at a motion hearing, AUSA Hebets asked the Court to order a mental examination with regard to the Defendant's sanity at the time of the offense, pursuant to 18 U.S.C. § 4242(a). On August 26, 2014, the undersigned committed [Doc. 149] the Defendant for a mental evaluation of his competency to stand trial and his sanity at the time of the alleged offenses.

The Defendant was evaluated by Forensic Psychologist Jessica Micono of the Federal Detention Center in Englewood, Colorado (FDC Englewood), who found the Defendant to be suffering from schizophrenia and recommended treatment and competency restoration. Due to the Defendant's refusal to cooperate with the evaluation, Dr. Micono was not able to make a determination of the Defendant's sanity at the time of the alleged offense.

On October 24, 2014, the undersigned found [Doc. 231] Defendant Hicks to be incompetent to stand trial. At that time, the Court committed the Defendant to the custody of the Attorney General for up to four months of treatment at an appropriate federal medical facility in order to determine whether there exists a substantial probability that the defendant will attain the capacity to permit the trial to take place in the foreseeable future. 18 U.S.C. § 4241(d)(1). Defendant Hicks was admitted to the Federal Medical Center in Butner, North Carolina (FMC Butner), on December 23, 2014. On March 30, 2015, Drs. Robert E. Cochrane, forensic psychologist, and Bryon Herbel, psychiatrist, submitted a Forensic Evaluation [Doc. 479] to the Court, stating that the Defendant has refused treatment with antipsychotic medicine and providing the Court with a proposed treatment plan for involuntarily medicating Defendant Hicks. On April 3, 2015, the undersigned ordered [Doc. 466] the continued commitment of Defendant Hicks for an additional four-month period of treatment during which the Court would resolve the matter of involuntary medication.

On April 23, 2015, the Government petitioned [Doc. 492][1] for involuntary medication of Defendant Hicks. The Court held a hearing on this petition on May 11, 2015. On May 28, 2015, the Court found [Doc. 514] the involuntary medication of Defendant Hicks to be necessary. The Court ordered the Defendant to take the antipsychotic medication proposed by the medical staff at FMC Butner and held that if the Defendant did not comply with this Order

---

[1] The motion was filed in a redacted form on May 19, 2015.

within one week of receiving it, the staff at FMC Butner is directed to administer the antipsychotic medication to the Defendant involuntarily.

On July 31, 2015, the Court entered an Order of Continued Commitment [Doc. 645], finding that the Defendant had recently reached therapeutic levels of medication and that an additional four months was a reasonable time to extend his treatment. In December 2015, the Court learned that the Defendant had completed his competency restoration but had not yet received the sanity evaluation. On December 10, 2015, the undersigned ordered [Doc. 725] that the Defendant remain committed at FMC Butner for an additional forty-five days for an evaluation of his sanity at the time of the alleged offenses. The Defendant has now completed this sanity evaluation and has returned to the district.

At the February 24 hearing, the parties relied upon the seven-page Forensic Evaluation [Doc. 726] by Dr. Cochrane, which was made a sealed exhibit to the hearing. The report, which is dated November 18, 2015, but was signed on December 11, 2015, states that in Dr. Cochrane's opinion, Defendant Hicks is now competent to proceed to trial. A Certificate of Restoration of Competency to Stand Trial by Associate Warden M. K. Lewis, of FMC Butner, is attached to the report. Neither party had other evidence to present. Mr. Clements stated that he had conferred at length with the Defendant the day before the hearing and that he believed the Defendant's competency had been restored. Mr. Clements did not object to Dr. Cochrane's conclusion that the Defendant has been rendered competent.

"The test for a defendant's competency to stand trial is 'whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding–and whether he has a rational as well as factual understanding of the proceedings against him.'" Mallet v. United States, 334 F.3d 491, 494-95 (6th Cir. 2003) (quoting Dusky v. United States, 362 U.S. 402, 402 (1960)). Section 4241 requires the Court to commit the defendant to the

custody of the Attorney General if it finds by a preponderance of the evidence "that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d). Based upon Dr. Cochrane's report, the certificate of competency restoration, the comments of counsel, and the Court's own observations of the Defendant in the courtroom, the Court finds by a preponderance of the evidence that Defendant Hicks is able to understand the nature and consequences of the charges and proceedings against him and to assist properly in the defense of the charges brought against him in this case. 18 U.S.C. § 4241(d). Accordingly, the Court finds that the Defendant is **COMPETENT** to stand trial.

The Defendant's trial date was previously removed from the Court's calendar due to his incompetence, to be reset upon the Court's determination that he is competent. At the February 24 hearing, the Court rearraigned the Defendant, accepted a new waiver of detention hearing, and set a new trial date of **April 19, 2016.** The Court finds, and the parties agree, that all the time between the Defendant's initial Order of Commitment [Doc. 149] on August 26, 2014, and the competency hearing on February 24, 2016, to be fully excludable under the Speedy Trial Act because the Defendant was undergoing an examination to determine mental competency and then was incompetent and undergoing mental health treatment and competency restoration. See 18 U.S.C. § 3161(h)(1)(A) & -(4); see also 18 U.S.C. § 3161(h)(1)(F) (excluding up to ten days of time for transportation to and from places of examination and hospitalization).

The Court set the following schedule in this case: The deadline for filing pretrial motions is **March 16, 2016**. Responses to motions are due on or before **March 30, 2016**. The parties are to appear before the undersigned for a pretrial conference on **April 1, 2016, at 1:30**

**p.m.** This date shall also be the deadline for concluding plea negotiations and providing reciprocal discovery. The Court instructs the parties that all motions *in limine* must be filed no later than **April 4, 2016**. Special requests for jury instructions shall be submitted to the District Court no later than **April 8, 2016**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

  Accordingly, it is **ORDERED**:

(1) The Defendant is **COMPETENT** to proceed to trial;

(2) The trial of this matter reset to **April 19, 2016**, **at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;

(3) All time between the Order of Commitment on **August 26, 2014**, and the competency hearing on **February 24, 2016**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is extended to **March 16, 2016**;

(5) Responses to pretrial motions are due on or before **March 30, 2016**;

(6) The parties are to appear before the undersigned for a pretrial conference and motion hearing on **April 1, 2016, at 1:30 p.m.** This date is also the deadline for concluding plea negotiations and providing reciprocal discovery;

(7) Motions *in limine* must be filed no later than **April 4, 2016**; and

(8) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **April 8, 2016**.

  **IT IS SO ORDERED.**

           ENTER:

             s/ C. Clifford Shirley, Jr.
             United States Magistrate Judge

5

Case 3:14-cr-00085-TWP-CCS   Document 748   Filed 02/25/16   Page 5 of 5   PageID #: 4282